# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DJUAN PRESTION WILLIAMS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 20-1224-JWB-GEB |
| | ) |
| **STATE OF OKLAHOMA,** | ) |
| **OESC, RONALD MASSON,** | ) |
| **BILL WIELAND, AMY FLORES,** | ) |
| **GALEN H. PELTON, KAY RICHARDS,** | ) |
| **MARTIN LONG, AND** | ) |
| **GRANT COUNTY, KANSAS,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## ORDER

This matter is before the Court on Plaintiff Djuan Preston Williams' Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 3, *sealed*) and supporting Affidavit of Financial Status (ECF No. 3-1 *sealed*). For the reasons outlined below, Plaintiff's Motion (ECF No. 3) is **GRANTED**.

Under 28 U.S.C. § 1915(a), the Court has discretion[1] to authorize filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security thereof." "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[2] To determine whether a party is eligible to file without prepayment of the fee, the Court

---

[1] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499-KHV, 2000 WL 1909625, *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, No. 98-4231, 173 F.3d 863, *1 (10th Cir. April 23, 1999)).
[2] *Id.* (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

reviews the party's financial affidavit and compares his or her monthly expenses with the monthly income disclosed therein.[3]

Both the Tenth Circuit Court of Appeals and this Court have a liberal policy toward permitting proceedings *in forma pauperis*.[4] After careful review of Plaintiff's financial resources (ECF No. 3-1 *sealed*), and comparison of Plaintiff's listed monthly income and listed monthly expenses, the Court finds he is financially unable to pay the filing fee.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis* **(ECF No. 3)** is **GRANTED**. Although service of process would normally be undertaken by the clerk of court under 28 U.S.C. 1915(d) and Fed. R. Civ. P. 4(c)(3), the clerk is directed to stay service of process pending the District Court's review of the Report and Recommendation filed simultaneously herein (ECF No. 15).[5]

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 29th day of March 2021.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[3] *Alexander v. Wichita Hous. Auth.*, No. 07-1149-JTM, 2007 WL 2316902, *1 (D. Kan. Aug. 9, 2007) (citing *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL, 2000 WL 1162684, *1) (D. Kan. April. 15, 2002) and *Webb v. Cessna Aircraft*, No. 00-2229-JWL, 2000 WL 1025575, *1 (D. Kan. July 17, 2000)).

[4] *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR, 2013 WL 5797609, *1 (D. Kan. Sept. 30, 2013) (citing, generally, *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987)).

[5] *See Webb v. Vratil*, No. 12-2588-EFM, ECF No. 7 (D. Kan. Sept. 28, 2012) (withholding service of process pending review under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3)).