## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DJUAN PRESTION WILLIAMS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No. 20-1224-JWB-GEB** |
| | ) |
| **STATE OF OKLAHOMA,** | ) |
| **OESC, RONALD MASSON,** | ) |
| **BILL WIELAND, AMY FLORES,** | ) |
| **GALEN H. PELTON, KAY RICHARDS,** | ) |
| **MARTIN LONG, AND** | ) |
| **GRANT COUNTY, KANSAS,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## ORDER
and
## REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff Djuan Preston Williams' Motion to Proceed without Prepayment of Fees (ECF No. 3), Motion for Leave to File Additional Exhibits (ECF No. 8), Motion for Leave to File Redacted Exhibit (ECF No. 9), and Motion Requesting Change of Address (ECF No. 13).

Plaintiff, proceeding pro se, brings this action under the guise of Title VII of the Civil Rights Act of 1964, alleging employment and religious discrimination and violations of the Fair Credit Reporting Act[1] against the following individuals and/or entities: 1) the State of Oklahoma; 2) Oklahoma Employment Security Commission ("OESC"); 3) Ronald

---

[1] ECF No. 1 at 4.

Masson; 4) Bill Wieland; 5) Amy Flores; 6) Galen H. Pelton; 7) Kay Richards, Kiowa County, Oklahoma Court Clerk; 8) Martin Long; and 9) Grant County, Kansas. His claims against these Defendants are all the same; the gist of which indicates "[f]rom 05/21/2020 to present date Defendant(s) engaged in unethical corrupt behavior to disrupt his[2] life and his livelihood. Plaintiff claims approximately $200,000.00 in damages.[3]

## I.   Motion for Leave to File Additional Exhibits (ECF No. 8) and Motion for Leave to File Redacted Exhibit (ECF No. 9)

To support his claims, Plaintiff simply attaches a barrage of documents to which he refers to as "additional exhibits"—some of which he is requesting redactions, without any explanation as to how they relate to his case. They include multiple uniform warning notices and Grant County divorce documents. To the extent the additional exhibits may be related to either the parties or claims raised in Plaintiff's Complaint, Plaintiff's motion is **GRANTED**. The Court has considered the information therein in making its findings below in the Report and Recommendation.

## II.   Motion Requesting Change of Address (ECF No. 13)

Plaintiff's motion is **GRANTED in part and DENIED in part.** To the extent Plaintiff's motion seeks the Court to change his address for receiving notification in this

---

[2] The Civil Complaint (ECF No. 1) also lists Tonia Rene Aguirre as a Plaintiff. Ms. Aguirre, however, did not sign the Complaint and is not included as a party to this action. Fed. R. Civ. P. 11; D. Kan. R. 5.1(b); *Lawton v. Medevac Mid-Am., Inc.,* 138 F.R.D. 586, 588 (D. Kan. 1991) (Court dismissed claims of plaintiffs who had not signed the Complaint or any of the pleadings filed in the case).

[3] ECF No. 1 at 5.

case, his motion is **GRANTED.** To the extent Plaintiff's motion seeks a transfer to the District Court of Grant County, Kansas, his motion is **DENIED.**[4]

## III.   Notice

Within fourteen (14) days after a party is served with a copy of this Report and Recommendation, any party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if the party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition.

## IV.   Report and Recommendation

Simultaneous with the filing of this Report and Recommendation, the Court granted Plaintiff's request to proceed without prepayment of fees.[5] However, the authority to proceed without prepayment of fees is not without limitation. 28 U.S.C. § 1915 requires the Court to screen the complaint of a party seeking to proceed without prepayment of fees. Under 28 U.S.C. § 1915(e)(2), sua sponte dismissal of the case is required if the Court determines that the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit. After review of the Complaint and application of these standards, the undersigned issues the following report and recommendation of dismissal pursuant to 28 U.S.C. § 636(b)(1)(B).

---

[4] 28 U.S.C. 1404(a); *Eastern Savings Bank, FSB v. Estate of Kirk ex rel. Kirk*, 821 F. Supp. 2d 543, 545 (E.D.N.Y. 2011) ("[f]ederal district courts do not have the authority to remand an action originally commenced in federal court … to a state tribunal.").
[5] Order, ECF No. 14.

Pursuant to Fed. R. Civ. P. 8(a)(2) a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief above the speculative level."[6] Because Plaintiff proceeds pro se, his pleadings must be liberally construed.[7] However, he still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[8] and the Court cannot "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."[9] Fed. R. Civ. P. 8 "demands more than naked assertions."[10]

On review of the allegations of the Complaint, in conjunction with the allegations contained in Plaintiff's motion to proceed without prepayment of fees, and the additional information provided in his motions (ECF Nos. 8, 9) the undersigned concludes there is an insufficient factual basis in the Complaint to raise a right to relief above the speculative level. Because Plaintiff is proceeding pro se, the Court has "tried to discern the kernel of the issues [ ] he wishes to present…"[11] However, by failing to provide any specific factual support for his allegations against the wide ranging Defendants, whether person or government entity, located in Oklahoma or Kansas, and documents Plaintiff seeks to attach

---

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).
[7] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[8] *Id*.
[9] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005)).
[10] *Cohen v. Delong*, 369 F. App'x 953, 957 (10th Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)).
[11] *Mays* at 796.

without any explanation or discernable meaning, Plaintiff's Complaint fails to allege facts supporting a cognizable claim.

Plaintiff included, in the documents attached to his Complaint, the docket report from one of  the cases he brought in the Western District of Oklahoma.[12] The Court previously addressed Plaintiff's continued re-litigation of claims against the State of Oklahoma and Kiowa County, Oklahoma Courthouse Officials, such as Defendant, Kay Richards, related to that case.[13] That case, upon recommendation of the undersigned, was dismissed.[14]

Additionally, Plaintiff's discrimination claims purportedly arise under Title VII of the Civil Rights Act of 1964.[15] Plaintiff does not allege the required[16] exhaustion of available administrative remedies[17] and despite providing additional documents or information related to his claims multiple times since filing his Complaint, Plaintiff has never provided a right to sue letter or other evidence of exhaustion.[18] And lastly, Plaintiff alleges violation of the Fair Credit Reporting Act. However, Defendants are not credit reporting agencies against which a private cause of action is permitted.[19] And the Fair

---

[12] Complaint, ECF No. 1, pp. 6-10 (attached docket report from *Williams v Russell*, No. 18-139 SLP, W.D. Okla.).

[13] *Williams v. Kiowa County, Oklahoma, Courthouse Officials, et al.*, No. 20-1179-JWB-GEB (D. Kan. filed June 30, 2020; closed Jan. 22, 2021).

[14] *Id*. (Mem. & Order, No. 20-1149, ECF No. 18).

[15] ECF No. 1 at 4.

[16] *Hammond v. City of Junction City*, 2002 WL 31545354, *2 (citing *Sizova v. Nat'l Inst. of Standards & Tech.,* 282 F.3d 1320, 1325 (10th Cir. 2002) (The exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII.)

[17] ECF No. 1 at 6.

[18] ECF Nos. 8 and 9.

[19] *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1147 (10th Cir. 2012).

Credit Reporting Act does not provide a private cause of action to consumers against furnishers of information to credit reporting agencies.[20]

Accordingly, **IT IS THEREFORE RECOMMENDED** that Plaintiff's claims against the State of Oklahoma; Oklahoma Employment Security Commission ("OESC"); Ronald Masson; Bill Wieland; Amy Flores; Galen H. Pelton; Kay Richards, Kiowa County, Oklahoma Court Clerk; Martin Long; and Grant County, Kansas be dismissed for failure to state a cognizable claim under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 29th day of March, 2021.

 s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[20] *Id.*